# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FESTUS OKWUDILI OHAN,

               Plaintiff,

    v.

WALMART CORPORATION and TAYLOR FARMS,

              Defendants.

Case No. 3:25-cv-00134-SLG

## SCREENING ORDER

On June 23, 2025, self-represented litigant Festus Okwudili Ohan filed a complaint, civil cover sheet, and an application to proceed without paying the Court's filing fee.[1] Plaintiff brings product liability and personal injury claims against Walmart and Taylor Farms alleging he was hospitalized for food poisoning after eating a "turkey and cheese snack pack" produced by Taylor Farms and distributed by Walmart.[2] On September 29, 2025, Plaintiff filed a notice of change of address updating his mailing address to a hostel in the United Kingdom.[3] Plaintiff claims he will not return to the United States until certain conditions are met to his full satisfaction.[4] The Court has now screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Complaint fails to adequately state

---

[1] Dockets 1-3.

[2] Docket 1 at 3.

[3] Docket 4.

[4] Docket 4 at 1.

a claim for which relief may be granted. Although amendment is likely futile, Plaintiff is accorded **60 days** to file a First Amended Complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

Plaintiff is cautioned that if he elects to proceed with any of his state law claims in federal court, and a defendant ultimately prevails, Plaintiff may be required to pay a portion of the prevailing party's attorney's fees even though he may be allowed to proceed in this case without paying the Court's filing fee.[5]

## I. SUBJECT MATTER JURISDICTION

"[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."[6] A federal court has an independent obligation to determine whether it has subject-matter jurisdiction.[7] In general, a federal court has original jurisdiction over actions involving a federal question,[8] and

---

[5] Alaska Rule of Civil Procedure 82 (providing that the prevailing party in a civil case shall be awarded attorney's fees calculated as a percentage of the monetary judgment or reasonable fees in non-monetary cases); *cf.* District of Alaska Local Civil Rule 54.2 (requiring a motion for attorney's fees to "set forth the authority for the award, whether a federal statute, Alaska Rule of Civil Procedure 82, a contractual provision, or other grounds[.]"). *See also Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.,* 738 F.3d 960, 973 (9th Cir. 2013) ("[S]tate law on attorney's fees is substantive[.]"); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) (a federal court sitting in diversity jurisdiction applies state substantive law and federal procedural law).

[6] *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).

[7] *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived").

[8] 28 U.S.C. § 1331.

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 2 of 12
Case 3:25-cv-00134-SLG    Document 5    Filed 10/21/25    Page 2 of 12

diversity jurisdiction over actions between citizens of different states involving an amount in controversy greater than $75,000.[9] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[10]

On his civil cover sheet, Plaintiff checked "Federal Question" as the Court's jurisdiction over his personal injury and product liability claims.[11] However, personal injury claims and product liability claims, including negligence, strict liability, or defective product design, do not arise under the U.S. Constitution, federal statutes, or treaties of the United States. These allegations describe tort claims grounded in state law that are typically addressed in state court. A state law claim may only proceed in federal court if the claim is supplemental to a cognizable federal claim,[12] or if the Court has diversity jurisdiction over the case.[13] Because Plaintiff has not stated any viable federal claim against Defendants, and the Complaint does not demonstrate that there is diversity jurisdiction, the Complaint must be dismissed.

## II. DIVERSITY JURISDICTION

Plaintiff's Complaint does not demonstrate that the Court diversity jurisdiction over his claims. First, Plaintiff has not established complete diversity of

---

[9] 28 U.S.C. § 1332(a).

[10] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

[11] Docket 2.

[12] *See* 28 U.S.C. § 1367.

[13] 28 U.S.C. § 1332(a).

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 3 of 12
Case 3:25-cv-00134-SLG    Document 5    Filed 10/21/25    Page 3 of 12

citizenship between the parties. The citizenship of a corporation is determined by the state(s) of its incorporation and its principal place of business.[14] Although Plaintiff provided out of state addresses for each Defendant's contact information,[15] according to Complaint, "both parties lived and operated from Anchorage Alaska Municipality where the injury occurred."[16]

Even if Plaintiff had properly pleaded diversity of citizenship, he has not established that the amount in controversy exceeds the $75,000 jurisdictional requirement. The amount in controversy is generally determined from the face of the pleadings.[17] "Even in liberally construing a complaint, a federal court must still have some allegations from which it "may infer a good faith basis for recovery of damages in such an amount."[18] The Complaint does not include an actual amount of alleged damages. Instead, Plaintiff simply requests monetary damages to be determined by a jury.[19] Additionally, Plaintiff's claims do not raise a plausible inference that either Defendant has caused Plaintiff to suffer damages that exceed

---

[14] 28 U.S.C. § 1332(c)(1) (for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

[15] *See* Docket 1 at 2 (listing an address in Arkansas for Walmart and an address in Colorado for Taylor Farms).

[16] Docket 1 at 1.

[17] *See Crum v. Circus Circus Enterprises,* 231 F.3d 1129, 1131 (9th Cir. 2000).

[18] *Singman v. Amazon.com, Inc.,* Case No. CV 19-10882-AB (EX), 2020 WL 4873569, at *4 (C.D. Cal. May 27, 2020) (quoting *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991)).

[19] Docket 1 at 4.

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 4 of 12
Case 3:25-cv-00134-SLG     Document 5     Filed 10/21/25     Page 4 of 12

$75,000.[20] And as a self-represented litigant, Plaintiff may only seek to recover his own damages, not the damages that may have been suffered by another individual.[21]

Plaintiff claims Defendants admitted fault,[22] but the attached documentation demonstrates only that Plaintiff received a letter from an insurance company offering him "a goodwill offer of $100.00 for [his] experience with Taylor Fresh Turkey and Cheese snack purchased at Walmart,]"[23] and a letter from Walmart directing him to contact its customer relations department.[24]

Plaintiff claims he lost his job after missing work due to his food poisoning.[25] But in his letter to Walmart, Plaintiff claims another individual who ate the snack pack had to be hospitalized and missed several days of work, but that Plaintiff's symptoms were milder.[26] The Court also takes judicial notice[27] of the many similar

---

[20] *See, e.g., Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090-91 (9th Cir. 2003) (holding that the party asserting diversity jurisdiction must prove that the amount in controversy exceeds $75,000 and "[c]onclusory allegations as to amount in controversy are insufficient").

[21] 28 U.S.C. § 1654; *Cato v. United States*, 70 F.3d 1103, 1105 n.1. (9th Cir. 1995) (holding non-attorney party cannot represent other plaintiffs).

[22] Docket 1 at 4.

[23] Docket 1-1 at 2.

[24] Docket 1-1 at 4.

[25] Docket 1-1 at 1.

[26] Docket 1-1.

[27] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024). S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 5 of 12
Case 3:25-cv-00134-SLG   Document 5   Filed 10/21/25   Page 5 of 12

claims Plaintiff has brought in federal court that have been dismissed for being facially defective or frivolous, including multiple cases claiming wrongful termination from employment.[28]

While a federal court can only dismiss a case if it appears to a legal certainty that the amount in controversy is less than $75,000, if a plaintiff's allegations regarding the amount in controversy are insufficient or appear excessive, a court may require additional factual support to ensure the jurisdictional threshold is met.[29] Although amendment in this case is likely futile, Plaintiff is accorded leave to file an amended complaint that properly pleads facts showing that there is complete diversity of citizenship between him and each Defendant and that presents a nonfrivolous, good faith claim of his own damages in excess of the

---

omitted.).

[28] *See Ohan v. Rettig,* 3:22-cv-00011-SLG; *Ohan v. Zion, et al.,* 3:22-cv-00266-RRB; *Ohan v. Schmidt,* 3:22-cv-00182-JMK; *Ohan v. Rettig, et al.,* 3:23-cv-00046-SLG; *Ohan v. American Medical Association, et al.,* 3:23-cv-00047-SLG; *Ohan v. Fontoura,* 3:22-cv-00207-RRB; *Ohan v. ABN AMRO, et al.,* 3:22-cv-00212-RBB; *Ohan v. U.S. Department of Justice, et al.,* 3:22-cv-00221- RRB; *Ohan v. North Atlantic Treaty Organization, et al.,* 3:22-cv-00226-RRB; *Ohan v. Duruhesie, et al.,* Case No. 3:23-cv-00176-SLG.

[29] *See GMAC Mortg., LLC v. Martinez*, No. CV 10–02882 MMM (PLAx), 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010) (holding that the amount-in-controversy requirement was not satisfied because there were "no facts or evidence corroborating this assertion"); *see also Chaudhuri*, 2016 WL 3212454 at *3 ("[Plaintiff's] bald assertion that the amount in controversy is 'approximately $1 million' is insufficient to establish that the amount in controversy actually exceeds the jurisdictional threshold."); *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1096 (S.D. Cal. 2006) ("Plaintiff provides these damage values without any comment as to how he is entitled to these damages, or what connection these extremely large damages amounts have with the alleged claims."); *see also Kumvachirapitag v. Gates*, No. 12–5075 JSC, 2012 WL 5835730, at *1 (N.D. Cal. Nov. 15, 2012) (dismissing for lack of subject-matter jurisdiction because "even if Plaintiff did seek the many 'septillions' of dollars listed in the Amended Complaint as damages, he failed to link these claims to any loss he has suffered due to an action by the Defendants").

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 6 of 12
Case 3:25-cv-00134-SLG     Document 5     Filed 10/21/25     Page 6 of 12

$75,000 jurisdictional threshold.

### III. Electronic Filing

In his Complaint and in a subsequent letter to the Clerk's Office, Plaintiff provided his email address and suggested the Court may communicate with him electronically.[30] To the extent Plaintiff is requesting permission to send or receive documents electronically to or from the Court, Plaintiff's motion is DENIED.

### IV. Application to proceed without prepaying the filing fee

At Docket 3, Plaintiff filed an application to waive the Court's filing fee. Then, Plaintiff requests the Court "kindly take the case for 1/3 amount."[31] The Court notes that Mr. Ohan has typically paid the district court's filing fee in each of his cases and subsequent appeals to the Ninth Circuit.[32] For example, this year, Plaintiff paid the Court's $405 filing fee in *Ohan v. Anchorage School District, et al.*,[33] and the $605 filing fee required for his appeal.[34]

Here, Plaintiff's application to waive the filing fee states that he receives retirement payments from a previous employer and payment through the Social Security Administration.[35] He claims his checking account has a negative

---

[30] Docket 4 at 1.

[31] Docket 1-1 at 1.

[32] *See, e.g., Ohan v. Duruhesie, et al.,* Case No. 3:23-cv-00176-SLG, Docket 9 (Order Denying Plaintiff's motion to proceed on his appeal without prepaying the filing fee or filing a motion with the Ninth Circuit, after noting Plaintiff paid the Court's filing fee in the underlying case).

[33] Case No. 3:25-cv-00031-SLG (Filing fee received 02/14/2025: $405, receipt number 100021949).

[34] *Id.* (USCA Appeal Fees received 09/03/2025; $605, receipt number 100022536).

[35] Docket 3 at 3.

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 7 of 12
Case 3:25-cv-00134-SLG    Document 5    Filed 10/21/25    Page 7 of 12

balance,[36] but provides limited detail on his financial circumstances. Further, his application was reportedly signed in New York,[37] and he is currently staying at a hostel in the United Kingdom.[38] Plaintiff's travel decisions are his choice, but the information provided in his filings—including his assertion that he may be able to afford to pay one-third of the Court's filing fee—do not demonstrate an inability to bring this case without paying the Court's filing fee.[39]

A plaintiff need not be absolutely destitute for a court to waive payment of the filing fee, but his poverty must prevent him from paying the filing fee and providing himself and any dependents with the necessities of life.[40] A plaintiff seeking to waive the filing fee must allege poverty with "some particularity, definiteness and certainty."[41]

Because the Court cannot determine whether Plaintiff is unable to pay the filing fee or whether payment of a partial filing fee is appropriate,[42] Plaintiff's application to waive payment of the filing fee is DENIED. If Plaintiff elects to proceed with this case, he must either pay the filing fee or file a properly completed

---

[36] Docket 3 at 3.

[37] Docket 3 at 4.

[38] Docket 4.

[39] *See* 28 U.S.C. § 1915(a)(1).

[40] *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339–40 (1948).

[41] *Escobedo v. Applebee's,* 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted).

[42] See *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (court has discretion to deny IFP where application is insufficient).

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 8 of 12
Case 3:25-cv-00134-SLG    Document 5    Filed 10/21/25    Page 8 of 12

application to waive payment of the fee that includes complete and accurate financial information such that the Court can make a meaningful determination regarding Plaintiff's ability to pay all or a portion of the filing fee.

## V.    Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[43] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[44] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[45]  Rule 10(b) of the Federal Rules of Civil Procedure requires that

---

[43] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[44] Fed. Rule Civ. Proc. 8(a)(2).

[45] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 9 of 12
Case 3:25-cv-00134-SLG     Document 5     Filed 10/21/25     Page 9 of 12

"[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. Plaintiff must not attempt to bring claims on behalf of any other person apart from himself.

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should an amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to file an amended complaint.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, showing that there is complete diversity of citizenship and that presents a nonfrivolous, good faith claim of damages in excess of the $75,000 jurisdictional threshold. An

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 10 of 12
Case 3:25-cv-00134-SLG   Document 5   Filed 10/21/25   Page 10 of 12

amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed without further notice to Plaintiff, for failure to state a claim.

4. Plaintiff's application to waive payment of the filing fee at **Docket 3** is incomplete and is therefore **DENIED.**

5. Should Plaintiff elect to proceed with this case, he must either pay the filing fee of $405.00 or file a completed and signed application to waive payment of the filing fee **on or before the date the amended complaint is filed**.

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[46] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[46] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 11 of 12
Case 3:25-cv-00134-SLG    Document 5    Filed 10/21/25    Page 11 of 12

7.     Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

8.     At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[47] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

9.     With this order, the Clerk is directed to send: (1) form PS22, with "FIRST AMENDED" written above the title "Pro Se Complaint"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 21st day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[47] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00134-SLG, *Ohan v. Walmart, et al.*
Screening Order
Page 12 of 12
Case 3:25-cv-00134-SLG     Document 5     Filed 10/21/25     Page 12 of 12